JONATHAN E. NUECHTERLEIN
General Counsel

DOTAN WEINMAN
NY Bar No. 4398657,
dweinman@ftc.gov
RHONDA PERKINS
VA Bar No. 75300, rperkins @ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-8528
Washington, DC 20580
202-326-3049 (Weinman)
202-326-3222 (Perkins)
202-326-3395 (Fax)

STACY R. PROCTER (Local Counsel)      JULIAS STEWART
CA Bar No. 221078, sprocter@ftc.gov   CA Bar. No. 237239
Federal Trade Commission              STEWART-REED LAW GROUP INC.
10877 Wilshire Blvd., Suite 700       8399 Topanga Canyon Blvd., Suite 301
Los Angeles, CA 90024                 West Hills, CA 91304-2363
310-824-4343                          818- 264-4888
310-824-4380 (Fax)                    949- 284-4013 (Fax)
                                      SRLG@StewartReedLaw.com
Attorneys for Plaintiff               Counsel for Defendants Jimena Perez,
FEDERAL TRADE COMMISSION              Maria Bernal, and Fermin Campos

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | )  Case No. 2:15-cv-01921-DDP-PJW |
| Plaintiff, | ) |
| | ) |
| v. | )  STIPULATED PRELIMINARY |
| | )  INJUNCTION AS TO DEFENDANTS |
| FIRST TIME CREDIT SOLUTION, | )  JIMENA PEREZ, MARIA BERNAL, |
| CORP., *et al.*, | )  AND FERMIN CAMPOS |
| | ) |
| Defendants. | ) |
| | ) |

1

**THIS MATTER** comes before the Court upon the stipulation of Plaintiff Federal Trade Commission ("Commission") and Defendants Jimena Perez, Maria Bernal, and Fermin Campos (collectively, "Stipulating Defendants") for the entry of a preliminary injunction.

The Commission filed its Complaint for Permanent Injunction and Other Equitable Relief on March 16, 2015 (DE 1).  The Complaint and Summons have been served on the Stipulating Defendants (DE 28-30).  The Court, having considered the Complaint, the Commission's application for a temporary restraining order, and the memorandum and exhibits filed in support thereof, issued a Temporary Restraining Order against all Defendants, including the Stipulating Defendants (DE 7).  The Commission and the Stipulating Defendants, acting by and through their respective counsel, have now consented to entry of this Order, to remain in effect until the final resolution of this matter, with the following findings of facts and Order provisions:

<u>**FINDINGS OF FACT**</u>

1.  This Court has jurisdiction over the subject matter of this case and over the Stipulating Defendants.

2.  Venue lies properly in this district.

3.  There is a substantial likelihood that the Commission will ultimately succeed in establishing that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and Section 404 of Credit Repair Organizations Act, 15 U.S.C. § 1679b, and that the Commission is therefore likely to prevail on the merits of this action.

4.  Good cause exists to restrain and enjoin the Stipulating Defendants from engaging in the conduct alleged in the Complaint.

5.  Good cause also exists to continue the freeze over the Stipulating Defendants' Assets and other ancillary relief.

6.    This Order is in the public interest.

7.    The Commission is an independent agency of the United States of America and no security is required of any agency of the United States for issuance of a preliminary injunction, *see* Fed. R. Civ. P. 65(c).

## **DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

1.    **"Asset"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), insurance policies, lines of credit, cash, trusts (including asset protection trusts), lists of consumer names and reserve funds or any other accounts associated with any payments processed by, or on behalf of, any Defendant, including such reserve funds held by payment processors, credit card processors, banks or other financial institutions.

2.    **"Commission"** means the Federal Trade Commission.

3.    **"Corporate Defendant"** means First Time Credit Solution, Corp., also d/b/a FTC Credit Solutions, 1st Consumer Credit USA, and Doctor De Crédito, and its subsidiaries, affiliates, successors, and assigns.

4.    **"Credit Repair Services"** means any service, in return for payment of money or other valuable consideration, for the express or implied purpose of:  (1) improving any consumer's credit record, credit history, or credit rating; or (2) providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.

5. **"Defendant(s)"** means the Corporate Defendant, Guillermo Leyes, Jimena Perez, Maria Bernal, and Fermin Campos, individually, collectively, or in any combination.

6. **"Document(s)"** includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements (including advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

7. **"Person"** means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

8. **"Receiver"** means Stephen J. Donell, the receiver appointed in Section XI of this Order, and any deputy receivers that shall be named by Mr. Donell.

9. **"Stipulating Defendants"** means Defendants Jimena Perez, Fermin Campos, and Maria Bernal.

## ORDER

### I.  BAN REGARDING CREDIT REPAIR SERVICES

**IT IS HEREBY ORDERED** that Stipulating Defendants are preliminarily restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale Credit Repair Services, whether directly or through an intermediary.

### II.  PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other Persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are preliminarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

A.      That any Defendant or any other Person is affiliated with, licensed or sponsored by, or otherwise connected to any person or government entity;

B.      That any Defendant or any other Person can lawfully remove negative information, including accurate and non-obsolete information, from a consumer's credit reports;

C.      That any Defendant or any other Person can increase a consumer's credit score, or otherwise substantially improve a consumer's credit score; and

D.      Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III. PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other Persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from selling, renting, leasing, transferring, disclosing, using, or otherwise benefitting from the name, address, telephone number, email address, credit card number, bank account number, social security number, or other financial or identifying information of any Person that any Defendant obtained prior to entry of this Order in connection with any activity that pertains to the subject matter of this Order.

*Provided, however*, that Stipulating Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## IV. ASSET FREEZE

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other Persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other Assets, or any interest therein, wherever located, including outside the United States, that are:

    1. owned, controlled or held, in whole or in part, by any Defendant;

    2. held, in whole or in part, for the direct or indirect benefit of, any Defendant;

    3. in the actual or constructive possession of any Defendant;

4. held by an agent of any Defendant as a retainer for the agent's provision of services to any Defendant;

5. owned or controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant, or of which any Defendant is an officer, director, member, or manager. This includes any Assets held by, for, or subject to access by, any Defendant at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, insurance company, commodity trading company, precious metal dealer, payment processor, credit card processor, acquiring bank, merchant bank, independent sales organization, third party processor, payment gateway or other financial institution or depository of any kind; or

6. held in any account for which any Defendant is, or was on the date that this Order was signed, an authorized signor.

B. Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, either individually or jointly, or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C. Obtaining a personal or secured loan encumbering the Assets of any Defendant, or subject to access by any Defendant;

D. Incurring liens or other encumbrances on real property, personal property, or other Assets in the name, individually or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant; or

E.    Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of the Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager.  This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that the Complaint was filed, an authorized signor.

F.    Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

*Provided that* the Assets affected by this Section shall include:  (1) all Assets of Defendants as of March 16, 2015, the date of filing the Complaint in this matter; or (2) Assets obtained by Defendants after March 16, 2015 if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order.

## V.  DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or Person served with a copy of this Order that (a) holds, controls, or maintains custody of any account or Asset of any Stipulating Defendant, (b) holds, controls, or maintains custody of any Asset associated with credits, debits or charges made on behalf of any Stipulating Defendant, including reserve funds held by payment processors, credit card processors, payment merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities, or (c) has held, controlled, or maintained custody of any such account or Asset at any time since January 1, 2013:

A.      Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Assets, as well as all Documents or other property related to such Assets, except by further order of this Court;

B.      Deny any Person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Stipulating Defendant, either individually or jointly, or  otherwise subject to access by any Stipulating Defendant;

C.      Provide Commission counsel and the Receiver, within five (5) days of receiving a copy of this Order, a sworn statement setting forth:

    1. The identification number of each account or Asset:

        a)  titled in the name, individually or jointly, of any Stipulating Defendant;

        b)  held on behalf of, or for the benefit of, any Stipulating Defendant; or

        c)  associated with credit or debit charges made on behalf of any Stipulating Defendant;

    2. The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the Person or entity to whom such account or other Asset was remitted; and

    3. The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or

jointly, of any Stipulating Defendant, or is otherwise subject to access by any Stipulating Defendant; and

D.      Upon the request of Commission counsel or the Receiver, promptly provide Commission counsel or the Receiver with copies of all records or other Documents pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

## VI.  FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this Order, Stipulating Defendants shall:

A.      Provide Commission counsel with a full accounting, verified under oath and accurate as of the date of this Order, of all funds, Documents, and Assets outside of the United States which are:  (1) titled in the name, individually or jointly, of any Stipulating Defendant; or (2) held by any person or entity for the benefit of any Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Stipulating Defendant;

B.      Provide Commission counsel and the Receiver access to all records of accounts or Assets of any Stipulating Defendant held by financial institutions located outside the territorial United States.

C.      Transfer to the territory of the United States and deliver to the Receiver all funds, Documents, and Assets located in foreign countries which are: (1) titled in the name individually or jointly of any Stipulating Defendant; or (2) held by any Person or entity, for the benefit of any Stipulating Defendant; or (3) under the direct or indirect control of any Stipulating Defendant, whether jointly or singly; and

D.     The same business day as any repatriation, (1) notify Commission counsel of the name and location of the financial institution or other entity that is the recipient of such funds, Documents, or Assets; and (2) serve this Order on any such financial institution or other entity.

## VII.   INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other Persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.     Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that Stipulating Defendants' Assets have been fully repatriated pursuant to this Order; or

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that Stipulating Defendants' Assets have been fully repatriated pursuant to this Order.

## VIII.  CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that any consumer reporting agency served with this Order shall:

A.     Promptly furnish consumer reports as requested concerning any Stipulating Defendant to Commission counsel, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1); and

B.     Promptly furnish any Documents related to any dispute of the accuracy of information contained in a credit report initiated by any Stipulating Defendant, including, but not limited to, correspondence and other Documents submitted by any Stipulating Defendant to the consumer reporting agency and any response from the consumer reporting agency to any Stipulating Defendant.

### IX.  PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other Persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.     Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant, including any and all marketing materials, Internet pages, consumer complaints, call detail records, telephone logs, telephone scripts, contracts, correspondence, email, corporate books and records, accounting data, financial statements, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, calendars, appointment books, and tax returns;

B.     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## X.  REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers agents, employees, and attorneys, and all other Persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Commission counsel with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XI.  APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that Stephen J. Donell is appointed as Receiver for the Corporate Defendant and any of its affiliates, subsidiaries, divisions, or telephone sales or customer service operations, wherever located, with the full power of an equity receiver.  The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court.

## XII.  RECEIVER'S DUTIES AND AUTHORITIES

**IT IS FURTHER ORDERED** that the Receiver is authorized and directed to accomplish the following:

A.	Assume full control of the Corporate Defendant by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Corporate Defendant, including any Defendant, from control of, management of, or participation in, the affairs of the

Corporate Defendant;

B.      Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, the Corporate Defendant, wherever situated.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all Assets and Documents of the Corporate Defendant and other Persons or entities whose interests are now under the direction, possession, custody, or control of, the Corporate Defendant.  The Receiver shall assume control over the Corporate Defendant's income and profits and all sums of money now or hereafter due or owing to the Corporate Defendant.  *Provided*, *however*, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

C.      Take all steps necessary to secure and take exclusive custody of each location from which the Corporate Defendant operate its businesses.  Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable:  (1) serving this Order; (2) completing a written inventory of all the Corporate Defendant's Assets; (3) obtaining pertinent information from all employees and other agents of the Corporate Defendant, including the name, home address, social security number, job description, company history, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and videotaping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any internet access or other means of access to the computers, internet or records maintained at that location; and (6) requiring any Persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to

the satisfaction of the Receiver that such Persons are not removing from the premises Documents or Assets of the Corporate Defendant;

D.  Law enforcement personnel, including police, sheriffs, or U.S. postal inspectors, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

E.  Conserve, hold, and manage all Assets of the Corporate Defendant, and perform all acts necessary or advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Corporate Defendant, including determining the available Assets and preventing the unauthorized transfer, withdrawal, or misapplication of Assets;

F.  Enter into and cancel contracts, and purchase insurance as advisable or necessary;

G.  Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Corporate Defendant;

H.  Manage and administer the business of the Corporate Defendant until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

I.  Suspend business operations of the Corporate Defendant if, in the judgment of the Receiver, such operations cannot be continued legally or profitably;

J.  Prevent the destruction or erasure of any web page or website registered to and operated, in whole or in part, by the Corporate Defendant;

K.     Take all steps necessary to ensure that any of the Corporate Defendant's web pages or websites relating to Credit Repair Services, including, but not limited to, ftccreditsolutions.com, ftccreditsolutions.org, drdecredito.com, and doctordecredito.org, cannot be accessed by the public;

L.     Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

M.     Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Corporate Defendant prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Corporate Defendant, such as rental payments;

N.     Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Corporate Defendant, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including actions challenging fraudulent or voidable transfers;

O.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Corporate Defendant, as the Receiver deems necessary and advisable to preserve the Assets of the Corporate Defendant, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

P.      Issue subpoenas to obtain Documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

Q.      Open one or more bank accounts as designated depositories for funds of the Corporate Defendant.  The Receiver shall deposit all funds of the Corporate Defendant in such a designated account and shall make all payments and disbursements from the receivership estate from such an account.  The Receiver shall serve copies of monthly account statements on all parties;

R.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

S.      Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

T.      File timely reports with the Court at reasonable intervals, or as otherwise directed by the Court.

## XIII.  TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, and any other Person with possession, custody or control of property or of records relating to the Corporate Defendant shall upon notice of this Order by personal service or otherwise immediately notify the Receiver of, and, upon receiving a request from the Receiver, immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.      All Assets of the Corporate Defendant;

B.      All Documents of the Corporate Defendant, including books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records

of wire transfers, and check registers), client lists, title Documents and other papers;

C. All computers, electronic devices, machines, and data in whatever form used to conduct the business of the Corporate Defendant;

D. All Assets and Documents belonging to other Persons or entities whose interests are under the direction, possession, custody, or control of the Corporate Defendant; and

E. All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of the Corporate Defendant, including access to their business premises, means of communication, accounts, computer systems, or other property.

In the event that any Person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the Asset, Document, or other item covered by this Section and to deliver it to the Receiver.

## XIV.  PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants shall provide to the Receiver, immediately upon request, the following:

A. A list of all Assets and property, including accounts, of the Corporate Defendant that are held in any name other than the name of the Corporate Defendant, or by any Person or entity other than the Corporate Defendant; and

B.     A list of all agents, employees, officers, or those Persons in active concert and participation with Defendants, who have been associated with or done business with the Corporate Defendant.

## XV.   COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, and any other Person served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets of the Corporate Defendant.  This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic file, or telephonic data in any medium; advising all Persons who owe money to the Corporate Defendant that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Corporate Defendant.  The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers, credit card processors, payment processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies and other financial institutions and depositories of any kind, as well as all common carriers, telecommunications companies and third-party billing agents.

## XVI.  INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, attorneys, and all other Persons in active concert or

participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, are hereby restrained and enjoined from directly or indirectly:

     A.    Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

     B.    Transacting any of the business of the Corporate Defendant;

     C.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Corporate Defendant or the Receiver; and

     D.    Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVII.  STAY OF ACTIONS AGAINST CORPORATE DEFENDANT

     **IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Stipulating Defendants, their officers, agents, employees, attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other Persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such Persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Corporate Defendant, including, but not limited to:

     A.    Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Corporate Defendant;

     B.    Commencing, prosecuting, or continuing a judicial, administrative, or

other action or proceeding against the Corporate Defendant, including the issuance or employment of process against the Corporate Defendant, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C.      Filing or enforcing any lien on any asset of the Corporate Defendant, taking or attempting to take possession, custody, or control of any Asset of the Corporate Defendant; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Corporate Defendant, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

D.      Initiating any other process or proceeding that would interfere with the Receiver managing or taking custody, control, or possession of, the Assets or Documents subject to the receivership.

*Provided that*, this Order does not stay:  (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XVIII.  COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Corporate Defendant.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after

the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XIX.  RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall maintain with the Clerk of this Court a bond in the sum of $50,000, with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.  28 U.S.C. § 754.

## XX.   ACCESS TO BUSINESS PREMISES AND RECORDS
**IT IS FURTHER ORDERED** that:

A.      In order to allow the Commission and the Receiver to preserve Assets and evidence relevant to this action and to expedite discovery, the Commission and the Receiver, and their representatives, agents, contractors, and assistants, shall have immediate access to the business premises and storage facilities, owned, controlled, or used by the Corporate Defendant.  Such locations include, but are not limited to, 4255 E. Florence Avenue, Bell, California 90201, and any offsite location or commercial mailbox used by the Corporate Defendant;

B.      The Commission and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to remove Documents from the Corporate Defendant's premises in order that they may be inspected, inventoried, and copied for the purpose of preserving discoverable material in connection with this action.  The Commission shall return any removed materials to the Receiver within five (5) business days of completing inventorying and copying, or such time as is agreed upon by the Commission and the Receiver;

C.      The Commission and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to obtain the assistance of the U.S. Marshal's office, U.S. Postal Inspection Service, and other federal, state and local

law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order;

      D.     The Receiver shall allow the Commission and Stipulating Defendants reasonable access to the premises and business records of the Corporate Defendant within his possession for the purpose of inspecting and copying materials relevant to this action. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access; and

      E.     If any Documents, computers, or electronic storage devices containing information related to the business practices or finances of the Corporate Defendant are at a location other than those listed herein, including personal residence(s) of any Stipulating Defendant, then, immediately upon receiving notice of this order, Stipulating Defendants shall produce to the Receiver all such Documents, computers, and electronic storage devices, along with any codes or passwords needed for access. In order to prevent the destruction of computer data, upon service of this Order upon Stipulating Defendants, any such computers or electronic storage devices shall be powered down in the normal course of the operating system used on such devices and shall not be powered up or used until produced for copying and inspection.

## XXI.  DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Stipulating Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of Defendants, and shall, within ten (10) days from the date of entry of this Order, and provide the Commission and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Stipulating

Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXII.   SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or any Person (including any financial institution) that may have possession, custody or control of any property, property right, Document, or Asset of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.  This Order shall bind Persons (including entities) that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure upon such Person's receipt of actual notice, by personal service or otherwise, of this Order.

## XXIII. CORRESPONDENCE AND SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on the Commission shall be addressed to:

> Dotan Weinman
> Rhonda Perkins
> Federal Trade Commission

600 Pennsylvania Avenue NW
Mail Stop CC-8528
Washington, DC 20580
dweinman@ftc.gov; rperkins@ftc.gov
Fax No.: (202) 326-3395
(202) 326-3049 (Weinman); (202) 326-3222 (Perkins)

## XXIV.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT SO ORDERED**

DATED: April 17, 2015

_____
UNITED STATES DISTRICT JUDGE