JONATHAN E. NUECHTERLEIN
General Counsel

DOTAN WEINMAN
NY Bar No. 4398657,
dweinman@ftc.gov
RHONDA PERKINS
VA Bar No. 75300, rperkins @ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-8528
Washington, DC 20580
202-326-3049 (Weinman)
202-326-3222 (Perkins)
202-326-3395 (Fax)

STACY R. PROCTER (Local Counsel)
CA Bar No. 221078, sprocter@ftc.gov
Federal Trade Commission
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
310-824-4343
310-824-4380 (Fax)
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

JULIAS STEWART
CA Bar. No. 237239
STEWART-REED LAW GROUP INC.
8399 Topanga Canyon Blvd., Suite 301
West Hills, CA 91304-6323
818-264-4888
949-284-4013 (Fax)
jstewart@stewartreedlaw.com
Counsel for Defendants Jimena Perez,
Maria Bernal, and Fermin Campos

NO JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>              Plaintiff,<br><br>       v.<br><br>FIRST TIME CREDIT SOLUTION, CORP., *et al.*,<br><br>              Defendants. | Case No. CV 15-01921 DDP (PJWx)<br><br>STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO **JIMENA PEREZ, MARIA BERNAL, AND FERMIN CAMPOS** |

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief (DE 1) in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 410(b) of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(b).  The Commission and Defendants Jimena Perez, Maria Bernal, and Fermin Campos ("Settling Defendants") stipulate to entry of this Order for Permanent Injunction and Monetary Judgment as to the Settling Defendants ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.
2. The Complaint charges that the Settling Defendants participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. §45(a), and unlawful practices in violation of Section 404 of CROA, 15 U.S.C. § 1679b.
3. The Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, the Settling Defendants admit the facts necessary to establish jurisdiction.
4. The Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.
5. The Settling Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. **"Corporate Defendant"** means First Time Credit Solution, Corp., also d/b/a FTC Credit Solutions, 1st Consumer Credit USA, and Doctor De Crédito, and its successors and assigns.
2. **"Credit Repair Services"** means any service, in return for payment of money or other valuable consideration, for the express or implied purpose of: (1) improving any consumer's credit record, credit history, or credit rating; or (2) providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.
3. **"Defendant(s)"** means the Corporate Defendant, Guillermo Leyes, Jimena Perez, Maria Bernal, and Fermin Campos, individually, collectively, or in any combination.
4. **"Receiver"** means Stephen J. Donell, the receiver appointed in Section XI of the Preliminary Injunction as to the Corporate Defendant [DE 59], and any deputy receivers that shall be named by Mr. Donell.
5. **"Settling Defendants"** means Jimena Perez, Fermin Campos, and Maria Bernal, individually, collectively, or in any combination.

## ORDER

### I. BAN REGARDING CREDIT REPAIR SERVICES

**IT IS HEREBY ORDERED** that the Settling Defendants are permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of, Credit Repair Services, whether directly or through an intermediary.

### II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that the Settling Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any

good or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

    A.    that any Defendant or any other person is affiliated with, licensed or sponsored by, or otherwise connected to any person or government entity; and

    B.    any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### III. MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

    A.    Judgment in the amount of Two Million Four Hundred Thousand Dollars ($2,400,000) is entered in favor of the Commission against the Settling Defendants, jointly and severally with the other Defendants, as equitable monetary relief.

    B.    Bank of America, N.A. is ordered, within seven (7) days of entry of this Order, to transfer the funds held in account numbers xxxxxxx7291 and xxxxxxx7810, in the name of Jimena Perez, to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

    C.    Kinecta Federal Credit Union is ordered, within seven (7) days of entry of this Order, to transfer the funds held in account numbers xxx6725-01 and xxx6725-16, in the name of Maria Bernal Recinos, to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

    D.    Wells Fargo Bank, N.A. is ordered, within seven (7) days of entry of this Order, to transfer the funds held in the 401(k) retirement account in the name of Fermin Campos, identified by account number xxxxxxxxxxxx1220, to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

E. The Receiver is ordered, within seven (7) days of entry of this Order, to transfer to the Commission any funds previously held in the name of Fermin Campos, Jimena Perez, or Maria Bernal that the Receiver obtained from Wells Fargo Bank, N.A., including funds from the following Wells Fargo accounts:

1. account numbers xxxxxx2897, xxxxxx7301, xxxxxx1902, xxxxxx5318 held in the name of Fermin Campos;
2. account numbers xxxxxx5768, xxxxxx1131, and xxxxxx4058 held in the name of Jimena Perez; and
3. account numbers xxxxxx3611, xxxxxx4927, xxxxxx7978, and xxxxxx9714 held in the name of Maria L. Recinos.

Upon the completion of these transfer and the other asset transfers listed in Subsections B-D, above, the remainder of the judgment is suspended, subject to Subsections F-H, below.

F. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Settling Defendants' sworn financial statements and related documents and testimony (collectively, "financial representations") submitted to the Commission, namely:

1. the Financial Statement of Fermin Campos signed on March 22, 2015, including the attachments, the Statement of Fermin Campos in regards to the payment of his attorney's fees signed on March 22, 2015, and Campos' April 14, 2015 deposition testimony;
2. the Financial Statement of Maria Bernal signed on March 22, 2015, including the attachments, the Statement of Maria Bernal in regards to the payment of her attorney's fees and travel expenses signed on March 22, 2015, and Bernal's April 14, 2015 deposition testimony; and
3. the Financial Statement of Jimena Perez signed on March 31,

2015, including the attachments, the Statement of Jimena Perez in regards to the payment of her attorney's fees signed on March 31, 2015, and Perez's April 13, 2015 deposition testimony.

G. The suspension of the judgment will be lifted as to any Settling Defendant if, upon motion by the Commission, the Court finds that such Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

H. If the suspension of the judgment is lifted as to a Settling Defendant, the judgment becomes immediately due as to that Settling Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## IV. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A. Each Settling Defendant hereby grants the Commission all rights and claims he or she has, if any, to any asset currently in the possession, custody, or control of the Receiver.

B. The Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

C. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

D. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

E. The Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which the Settling Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

F. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  The Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Section.

G. The asset freeze is modified to permit the transfers identified in Section III (Monetary Judgment and Partial Suspension), above.  Upon completion of the transfers identified in Section III, the asset freeze is dissolved as to the Settling Defendants.

## V.   CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that the Settling Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or

participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.  Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. The Settling Defendants represent that they have provided any redress information in their possession or control to the Commission. If a representative of the Commission requests in writing any additional information related to redress, the Settling Defendants must provide it, in the form prescribed by the Commission, within fourteen (14) days.

B.  Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale of Credit Repair Services; and

C.  Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.

*Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI.  COOPERATION

**IT IS FURTHER ORDERED** that the Settling Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. The Settling Defendants must provide truthful and complete information, evidence, and testimony. The Settling Defendants must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five (5) days written

notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VII. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that the Settling Defendants obtain acknowledgments of receipt of this Order:

A. Each Settling Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For five (5) years after entry of this Order, each Settling Defendant, for any business that he or she, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Settling Defendant delivered a copy of this Order, the Settling Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## VIII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that the Settling Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury, which must:

    1. identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

2. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with him or her;

3. identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which he or she has any ownership interest;

4. describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

5. identify all of such Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

6. describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which the Settling Defendant must describe if they know or should know due to his or her own involvement);

7. describe in detail whether and how such Defendant is in compliance with each Section of this Order; and

8. provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For fifteen (15) years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1. name, including aliases or fictitious name, or residence address; or

2. title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity; or

3. any designated point of contact; or

4. the structure of any entity that such Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Jimena Perez *et al.*, X1523114.

## IX. RECORDKEEPING

**IT IS FURTHER ORDERED** that the Settling Defendants must create certain records for fifteen (15) years after entry of the Order, and retain each such record for five (5) years. Specifically, each Settling Defendant, for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

    A.    accounting records showing the revenues from all goods or services sold;

    B.    personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

    C.    records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

    D.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

    E.    a copy of each unique advertisement or other marketing material.

## X. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that for the purpose of monitoring the Settling Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

    A.    Within fourteen (14) days of receipt of a written request from a representative of the Commission, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for

inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant. The Settling Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to the Settling Defendants or any individual or entity affiliated with the Settling Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning the Settling Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

DATED: July 30, 2015

                                            HON. DEAN D. PREGERSON
                                           UNITED STATES DISTRICT JUDGE