JONATHAN E. NUECHTERLEIN
General Counsel

DOTAN WEINMAN
NY Bar No. 4398657,
dweinman@ftc.gov
RHONDA PERKINS
VA Bar No. 75300, rperkins @ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-8528
Washington, DC 20580
202-326-3049 (Weinman)
202-326-3222 (Perkins)
202-326-3395 (Fax)

STACY R. PROCTER (Local Counsel)
CA Bar No. 221078, sprocter@ftc.gov
Federal Trade Commission
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
310-824-4343
310-824-4380 (Fax)
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

ANDREW B. HOLMES
CA Bar No. 185401
HOLMES, TAYLOR & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California  90014
(213) 985-2265
(213) 973-6282 (Fax)
abholmes@htjlaw.com
Counsel for Defendant Guillermo Leyes

NO JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) Case No. CV15-01921 DDP (PJWx) |
| Plaintiff, | ) |
| v. | ) STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO **GUILLERMO LEYES** |
| FIRST TIME CREDIT SOLUTION, CORP., *et al.*, | ) |
| Defendants. | ) |

1

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief (DE 1) in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 410(b) of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(b).  The Commission and Defendant Guillermo Leyes stipulate to entry of this Order for Permanent Injunction and Monetary Judgment as to Defendant Leyes ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.     This Court has jurisdiction over this matter.

2.     The Complaint charges that Defendant Leyes participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. §45(a), and unlawful practices in violation of Section 404 of CROA, 15 U.S.C. § 1679b.

3.     Defendant Leyes neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant Leyes admits the facts necessary to establish jurisdiction.

4.     Defendant Leyes filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 17, 2015.  *In re Guillermo Nelson Leyes*, No. 1:15-bk-10497-MB (Bankr. C.D. Cal.) ("Leyes Bankruptcy Case").  Plaintiff's prosecution of this action, including entry of a money judgment and the enforcement of a judgment (other than a money judgment) obtained in this action are actions to enforce the Plaintiff's police or regulatory power.  As a result, if the Leyes Bankruptcy Case is pending as of the date of entry of this Order, then these actions are excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

5.   Defendant Leyes waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

6.   Defendant Leyes and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1.   **"Corporate Defendant"** means First Time Credit Solution, Corp., also d/b/a FTC Credit Solutions, 1st Consumer Credit USA, and Doctor De Crédito, and its successors and assigns.

2.   **"Credit Repair Services"** means any service, in return for payment of money or other valuable consideration, for the express or implied purpose of:  (1) improving any consumer's credit record, credit history, or credit rating; or (2) providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.

3.   **"Defendant(s)"** means the Corporate Defendant, Guillermo Leyes, Jimena Perez, Maria Bernal, and Fermin Campos, individually, collectively, or in any combination.

4.   **"Receiver"** means Stephen J. Donell, the receiver appointed in Section XI of the Preliminary Injunction as to the Corporate Defendant [DE 59], and any deputy receivers that shall be named by Mr. Donell.

## ORDER

## I.  BAN REGARDING CREDIT REPAIR SERVICES

**IT IS HEREBY ORDERED** that Defendant Leyes is permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of,

Credit Repair Services, whether directly or through an intermediary.

## II.  PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendant Leyes, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.      that any Defendant or any other person is affiliated with, licensed or sponsored by, or otherwise connected to any person or government entity; and

B.      any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III.  MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of Two Million Four Hundred Thousand Dollars ($2,400,000) is entered in favor of the Commission against Defendant Leyes, jointly and severally with the other Defendants, as equitable monetary relief.

B.      The Receiver is ordered, within seven (7) days of entry of this Order, to transfer to the Commission any funds previously held in the name of Defendant Leyes that the Receiver obtained from Wells Fargo Bank, N.A., including funds from the following Wells Fargo accounts: account numbers xxxxxx9772, xxxxxx3480, xxxxxx2032, xxxxxx8067, xxxxxx0128, xxxxxx5201, xxxxxx7691, and xxxxxx1753.  If, however, the Leyes Bankruptcy Case remains pending as of the date of entry of this Order, the Receiver is ordered to retain the funds obtained from the Wells Fargo accounts for the benefit of the Commission until: (1) the Chapter 7 Trustee overseeing the Leyes Bankruptcy Case abandons the Wells

Fargo accounts; or (2) until the automatic stay in place in the Leyes Bankruptcy Case terminates pursuant to 11 U.S.C. § 362(c).

## IV.  ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.   Defendant Leyes hereby grants the Commission all rights and claims he has, if any, to any asset currently in the possession, custody, or control of the Receiver.

B.   Defendant Leyes relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

C.   Defendant Leyes agrees that the judgment ordered by Section III is not dischargeable in bankruptcy.  Defendant Leyes agrees to the filing by the Commission in the Leyes Bankruptcy Case of:

1. A Complaint for Nondischargeability of Debt Owed to Federal Trade Commission (in the form of Attachment A);

2. The Stipulated Judgment for Nondischargeability of Debt Owed to Federal Trade Commission (in the form of Attachment B), which defendant Leyes has executed concurrently with this Order, determining that the equitable monetary relief ordered by Section III is excepted from discharge pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A);

3. To the allowance of a general unsecured claim in the Leyes Bankruptcy Case under Section 502 of the Bankruptcy Code, 11 U.S.C. § 502, in favor of the Commission in the amount of $2,400,000.00, less the sum of any payments previously made, and that the Commission is entitled to participate in any distributions made to creditors in the Leyes Bankruptcy Case, on account of the Commission's filed, general unsecured proof of claim.

D.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

E.     Defendant Leyes acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant Leyes must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

F.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendant Leyes has no right to challenge any actions the Commission or its representatives may take pursuant to this Section.

G.     The asset freeze is modified to permit the transfer identified in Section III (Monetary Judgment), above.  Upon completion of the transfer identified in Section III, the asset freeze is dissolved as to Defendant Leyes.

## V.   CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant Leyes, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.     Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  Defendant Leyes represents that he has provided any redress information in his possession or control to the Commission.  If a representative of the Commission requests in writing any additional information related to redress, Defendant Leyes must provide it, in the form prescribed by the Commission, within fourteen (14) days.

B.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale of Credit Repair Services; and

C.     Failing to destroy such customer information in all forms in his possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.

*Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI.  COOPERATION

**IT IS FURTHER ORDERED** that Defendant Leyes must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Defendant Leyes must provide truthful and complete information, evidence, and testimony.  Defendant Leyes must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

# VII.   ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant Leyes obtain acknowledgments of receipt of this Order:

A.      Defendant Leyes, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For five (5) years after entry of this Order, Defendant Leyes, for any business that he, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Defendant Leyes delivered a copy of this Order, Defendant Leyes must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

# VIII.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant Leyes make timely submissions to the Commission:

A.      One year after entry of this Order, Defendant Leyes must submit a compliance report, sworn under penalty of perjury, which must:

       1.   identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

       2.   identify the primary physical, postal, and email address and telephone number, as designated points of contact, which

representatives of the Commission may use to communicate with him;

3.  identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest;

4.  describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

5.  identify all of his businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

6.  describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Defendant Leyes must describe if he knows or should know due to his own involvement);

7.  describe in detail whether and how he is in compliance with each Section of this Order; and

8.  provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.    For twenty (20) years after entry of this Order, Defendant Leyes must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.  name, including aliases or fictitious name, or residence address; or

2.  title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity; or

9

3. any designated point of contact; or

4. the structure of any entity that he has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     Defendant Leyes must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within fourteen (14) days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Guillermo Leyes, X1523114.

## IX.  RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant Leyes must create certain records for twenty (20) years after entry of the Order, and retain each such record for five (5) years. Specifically, Defendant Leyes, for any business that he, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      accounting records showing the revenues from all goods or services sold;

B.      personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.      a copy of each unique advertisement or other marketing material.

## X.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that for the purpose of monitoring Defendant Leyes' compliance with this Order, including any failure to transfer any assets as required by this Order:

A.      Within fourteen (14) days of receipt of a written request from a representative of the Commission, Defendant Leyes must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with Defendant Leyes.  Defendant Leyes must permit representatives of the Commission to interview any employee or other person

affiliated with Defendant Leyes who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant Leyes or any individual or entity affiliated with Defendant Leyes, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant Leyes, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XI.     RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

DATED: July 30, 2015

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE