JONATHAN E. NUECHTERLEIN
General Counsel

DOTAN WEINMAN
NY Bar No. 4398657,
dweinman@ftc.gov
RHONDA PERKINS
VA Bar No. 75300, rperkins @ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-8528
Washington, DC 20580
202-326-3049 (Weinman)
202-326-3222 (Perkins)
202-326-3395 (Fax)

STACY R. PROCTER (Local Counsel)
CA Bar No. 221078, sprocter@ftc.gov
Federal Trade Commission
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
310-824-4343
310-824-4380 (Fax)
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FIRST TIME CREDIT SOLUTION,<br>CORP., *et al.*,<br><br>Defendants. | Case No. CV15-01921 DDP (PJWx)<br><br>FINAL ORDER FOR PERMANENT<br>INJUNCTION AND EQUITABLE<br>MONETARY JUDGMENT AS TO<br>FIRST TIME CREDIT SOLUTION,<br>CORP. |

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 410(b) of the Credit Repair

1

Organizations Act ("CROA"), 15 U.S.C. § 1679h(b).  The Commission's Complaint, filed on March 16, 2015, alleges that the defendants deceptively marketed, advertised, promoted, offered to sell, and sold credit repair services to consumers (DE 1).  The Commission served First Time Credit Solution, Corp. ("FTC Credit"), also d/b/a FTC Credit Solutions, 1st Consumer Credit USA, and Doctor De Crédito, with the Complaint on March 16, 2015 (DE 27).  FTC Credit has not filed an answer or otherwise responded to the Complaint.

Upon application by the Commission (DE 51), on April 10, 2015, the Clerk of Court entered default against FTC Credit (DE 52).  The Commission subsequently settled with all the individual defendants in this action (DE 76 & 78), and filed a Motion for Default Judgment against FTC Credit on all counts of the Complaint (DE 79).  The Complaint is well pled and the relief sought in the Complaint is reflected in the proposed order submitted with the Motion for Default Judgment.

Having considered the Motion for Default Judgment, memorandum of law and exhibits, Complaint, and other pleadings and evidence filed in this matter, IT IS HEREBY ORDERED that the Commission's Motion for Default Judgment against FTC Credit is GRANTED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 15 U.S.C. §§ 45(a), 53(b), 57b, and 1679h(b).
2. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b).
3. The Complaint charges that FTC Credit participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. §45(a), and unlawful practices in violation of Section 404 of CROA, 15 U.S.C. § 1679b, in connection with the advertising, marketing, promotion, offering for sale, or sale of credit repair services.

4. The activities of the FTC Credit as alleged in the Complaint are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. The Commission properly served FTC Credit with the Summons and Complaint (DE 27).

6. FTC Credit has failed to answer or otherwise respond to the Complaint.

7. On April 10, 2015, the Clerk of Court entered default against FTC Credit (DE 52).

8. The factual allegations in the Commission Complaint are taken as true against FTC Credit. Those allegations establish that FTC Credit is liable for injunctive and equitable monetary relief for violations of Section 5(a) of the FTC Act and Section 404 of CROA.

9. Entry of this order is in the public interest.

## **DEFINITIONS**

For the purpose of this Order, the following definitions apply:

1. **"Credit Repair Services"** means any service, in return for payment of money or other valuable consideration, for the express or implied purpose of: (1) improving any consumer's credit record, credit history, or credit rating; or (2) providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.

2. **"Defendant(s)"** means FTC Credit, Guillermo Leyes, Jimena Perez, Maria Bernal, and Fermin Campos, individually, collectively, or in any combination.

3. **"FTC Credit"** means First Time Credit Solution, Corp., also d/b/a FTC Credit Solutions, 1st Consumer Credit USA, and Doctor De Crédito, and its successors and assigns.

# ORDER

## I. BAN REGARDING CREDIT REPAIR SERVICES

**IT IS HEREBY ORDERED** that FTC Credit is permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of, Credit Repair Services, whether directly or through an intermediary.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that FTC Credit, its officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.  that any Defendant or any other person is affiliated with, licensed or sponsored by, or otherwise connected to any person or government entity; and

B.  any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of Two Million Four Hundred Fifty-Eight Thousand Eight Hundred Fifty-Three Dollars ($2,458,853) is entered in favor of the Commission against FTC Credit, jointly and severally with the other Defendants, as equitable monetary relief.

B.  FTC Credit's Taxpayer Identification Numbers (such as Employer Identification Numbers), which FTC Credit must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

C. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. FTC Credit has no right to challenge any actions the Commission or its representatives may take pursuant to this Section.

## IV.  LIFTING OF THE ASSET FREEZE

**IT IS FURTHER ORDERED** that the asset freeze set forth in the Preliminary Injunction entered by this Court on April 17, 2015 (DE 59) is dissolved as to FTC Credit.

## V.  CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that FTC Credit, its officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any additional information related to redress, FTC Credit must provide it, in the form prescribed by the Commission, within fourteen (14) days.

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account

5

(including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale of Credit Repair Services; and

  C. Failing to destroy such customer information in all forms in its possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.

  *Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI. ORDER ACKNOWLEDGMENTS

  **IT IS FURTHER ORDERED** that FTC Credit obtain acknowledgments of receipt of this Order:

  A. FTC Credit, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

  B. For five (5) years after entry of this Order, FTC Credit must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

  C. From each individual or entity to which FTC Credit delivered a copy of this Order, FTC Credit must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

# VII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that FTC Credit make timely submissions to the Commission:

    A.    One year after entry of this Order, FTC Credit must submit a compliance report, sworn under penalty of perjury, which must:

1. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with FTC Credit;
2. identify all of FTC Credit's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;
3. describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant;
4. describe in detail whether and how FTC Credit is in compliance with each Section of this Order; and
5. provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    B.    For twenty (20) years after entry of this Order, FTC Credit must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1. any designated point of contact; or
2. the structure of any entity that FTC Credit has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any

1 subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. FTC Credit must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against FTC Credit within fourteen (14) days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

Associate Director for Enforcement
Bureau of Consumer Protection
Federal Trade Commissio
600 Pennsylvania Avenue NW, Washington, DC 20580.

The subject line must begin: FTC v. First Time Credit Solution Corp., Matter No. 1523114.

## VIII. RECORDKEEPING

**IT IS FURTHER ORDERED** that FTC Credit must create certain records for twenty (20) years after entry of the Order, and retain each such record for five (5) years. Specifically, FTC Credit, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone

numbers; job title or position; dates of service; and (if applicable) the reason for termination;

  C. records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

  D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

  E. a copy of each unique advertisement or other marketing material.

## IX. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that for the purpose of monitoring FTC Credit's compliance with this Order:

  A. Within fourteen (14) days of receipt of a written request from a representative of the Commission, FTC Credit must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

  B. For matters concerning this Order, the Commission is authorized to communicate directly with FTC Credit. FTC Credit must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

  C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to FTC Credit or any individual or entity affiliated with FTC Credit, without the necessity of identification or prior notice. Nothing in this Order limits the

Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED.**

DATED: July 30, 2015

                                              DEAN D. PREGERSON
                                              UNITED STATES DISTRICT JUDGE