JONATHAN E. NUECHTERLEIN
General Counsel

DOTAN WEINMAN
NY Bar No. 4398657,
dweinman@ftc.gov
RHONDA PERKINS
VA Bar No. 75300, rperkins @ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-8528
Washington, DC 20580
202-326-3049 (Weinman)
202-326-3222 (Perkins)
202-326-3395 (Fax)

STACY R. PROCTER (Local Counsel)
CA Bar No. 221078, sprocter@ftc.gov
Federal Trade Commission
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
310-824-4343
310-824-4380 (Fax)
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

ANDREW B. HOLMES
CA Bar No. 185401
HOLMES, TAYLOR & JONES LLP
617 South Olive Street, Suite 1200
Los Angeles, California  90014
(213) 985-2265
(213) 973-6282 (Fax)
abholmes@htjlaw.com
Counsel for Defendant Guillermo Leyes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) Case No. CV15-01921 DDP (PJWx) |
| Plaintiff, | ) **AMENDED** STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO GUILLERMO LEYES |
| v. | ) |
| FIRST TIME CREDIT SOLUTION, CORP., *et al.*, | ) [CLOSED] |
| Defendants. | ) |

1

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief (DE 1) in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 410(b) of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(b).  The Commission and Defendant Guillermo Leyes stipulate to entry of this Order for Permanent Injunction and Monetary Judgment as to Defendant Leyes ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant Leyes participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. §45(a), and unlawful practices in violation of Section 404 of CROA, 15 U.S.C. § 1679b.

3. Defendant Leyes neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant Leyes admits the facts necessary to establish jurisdiction.

4. Defendant Leyes filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 17, 2015.  *In re Guillermo Nelson Leyes*, No. 1:15-bk-10497-MB (Bankr. C.D. Cal.) ("Leyes Bankruptcy Case").  Plaintiff's prosecution of this action, including entry of a money judgment and the enforcement of a judgment (other than a money judgment) obtained in this action are actions to enforce the Plaintiff's police or regulatory power.  As a result, if the Leyes Bankruptcy Case is pending as of the date of entry of this Order, then these actions are excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

5.    Defendant Leyes waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

6.    Defendant Leyes and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1.    **"Corporate Defendant"** means First Time Credit Solution, Corp., also d/b/a FTC Credit Solutions, 1st Consumer Credit USA, and Doctor De Crédito, and its successors and assigns.

2.    **"Credit Repair Services"** means any service, in return for payment of money or other valuable consideration, for the express or implied purpose of:  (1) improving any consumer's credit record, credit history, or credit rating; or (2) providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.

3.    **"Defendant(s)"** means the Corporate Defendant, Guillermo Leyes, Jimena Perez, Maria Bernal, and Fermin Campos, individually, collectively, or in any combination.

4.    **"Receiver"** means Stephen J. Donell, the receiver appointed in Section XI of the Preliminary Injunction as to the Corporate Defendant [DE 59], and any deputy receivers that shall be named by Mr. Donell.

## ORDER

### I.  BAN REGARDING CREDIT REPAIR SERVICES

**IT IS HEREBY ORDERED** that Defendant Leyes is permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of,

Credit Repair Services, whether directly or through an intermediary.

## II.  PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendant Leyes, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.    that any Defendant or any other person is affiliated with, licensed or sponsored by, or otherwise connected to any person or government entity; and

B.    any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III.  MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of Two Million Four Hundred Thousand Dollars ($2,400,000) is entered in favor of the Commission against Defendant Leyes, jointly and severally with the other Defendants, as equitable monetary relief.

B.    The Receiver is ordered, within seven (7) days of entry of this Order, to transfer to the Commission any funds previously held in the name of Defendant Leyes that the Receiver obtained from Wells Fargo Bank, N.A., including funds from the following Wells Fargo accounts: account numbers xxxxxx9772, xxxxxx3480, xxxxxx2032, xxxxxx8067, xxxxxx0128, xxxxxx5201, xxxxxx7691, and xxxxxx1753.  If, however, the Leyes Bankruptcy Case remains pending as of the date of entry of this Order, the Receiver is ordered to retain the funds obtained from the Wells Fargo accounts for the benefit of the Commission until: (1) the Chapter 7 Trustee overseeing the Leyes Bankruptcy Case abandons the Wells

Fargo accounts; or (2) until the automatic stay in place in the Leyes Bankruptcy Case terminates pursuant to 11 U.S.C. § 362(c).

## IV.  ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.    Defendant Leyes hereby grants the Commission all rights and claims he has, if any, to any asset currently in the possession, custody, or control of the Receiver.

B.    Defendant Leyes relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

C.    Defendant Leyes agrees that the judgment ordered by Section III is not dischargeable in bankruptcy.  Defendant Leyes agrees to the filing by the Commission in the Leyes Bankruptcy Case of:

1. A Complaint for Nondischargeability of Debt Owed to Federal Trade Commission (in the form of Attachment A);

2. The Stipulated Judgment for Nondischargeability of Debt Owed to Federal Trade Commission (in the form of Attachment B), which defendant Leyes has executed concurrently with this Order, determining that the equitable monetary relief ordered by Section III is excepted from discharge pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A);

3. To the allowance of a general unsecured claim in the Leyes Bankruptcy Case under Section 502 of the Bankruptcy Code, 11 U.S.C. § 502, in favor of the Commission in the amount of $2,400,000.00, less the sum of any payments previously made, and that the Commission is entitled to participate in any distributions made to creditors in the Leyes Bankruptcy Case, on account of the Commission's filed, general unsecured proof of claim.

D.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

E.     Defendant Leyes acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant Leyes must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

F.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendant Leyes has no right to challenge any actions the Commission or its representatives may take pursuant to this Section.

G.     The asset freeze is modified to permit the transfer identified in Section III (Monetary Judgment), above.  Upon completion of the transfer identified in Section III, the asset freeze is dissolved as to Defendant Leyes.

## V.   CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant Leyes, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.      Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  Defendant Leyes represents that he has provided any redress information in his possession or control to the Commission.  If a representative of the Commission requests in writing any additional information related to redress, Defendant Leyes must provide it, in the form prescribed by the Commission, within fourteen (14) days.

B.      Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale of Credit Repair Services; and

C.      Failing to destroy such customer information in all forms in his possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.

*Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI.  COOPERATION

**IT IS FURTHER ORDERED** that Defendant Leyes must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Defendant Leyes must provide truthful and complete information, evidence, and testimony.  Defendant Leyes must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VII.   ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant Leyes obtain acknowledgments of receipt of this Order:

A.     Defendant Leyes, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For five (5) years after entry of this Order, Defendant Leyes, for any business that he, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which Defendant Leyes delivered a copy of this Order, Defendant Leyes must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## VIII.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant Leyes make timely submissions to the Commission:

A.     One year after entry of this Order, Defendant Leyes must submit a compliance report, sworn under penalty of perjury, which must:

       1.  identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

       2.  identify the primary physical, postal, and email address and telephone number, as designated points of contact, which

representatives of the Commission may use to communicate with him;

3. identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest;

4. describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

5. identify all of his businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

6. describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Defendant Leyes must describe if he knows or should know due to his own involvement);

7. describe in detail whether and how he is in compliance with each Section of this Order; and

8. provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.    For twenty (20) years after entry of this Order, Defendant Leyes must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1. name, including aliases or fictitious name, or residence address; or

2. title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity; or

3.   any designated point of contact; or

4.   the structure of any entity that he has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.      Defendant Leyes must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within fourteen (14) days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. Guillermo Leyes, X1523114.

## IX.  RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant Leyes must create certain records for twenty (20) years after entry of the Order, and retain each such record for five (5) years.  Specifically, Defendant Leyes, for any business that he, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      accounting records showing the revenues from all goods or services sold;

B.      personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.      a copy of each unique advertisement or other marketing material.

## X.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that for the purpose of monitoring Defendant Leyes' compliance with this Order, including any failure to transfer any assets as required by this Order:

A.      Within fourteen (14) days of receipt of a written request from a representative of the Commission, Defendant Leyes must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with Defendant Leyes.  Defendant Leyes must permit representatives of the Commission to interview any employee or other person

affiliated with Defendant Leyes who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant Leyes or any individual or entity affiliated with Defendant Leyes, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant Leyes, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XI.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

DATED: August 03, 2015

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

KIMBERLY L. NELSON (VA Bar No. 47224)
(admitted *pro hac vice*)
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-9528
Washington, DC  20580
(202) 326-3304 (Nelson)
(202) 326-3197 (fax)
knelson@ftc.gov

STACY R. PROCTER, CA Bar No. 221078
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
(310) 824-4343 (tel.)
(310) 824-4380 (fax)
sprocter@ftc.gov

ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| **In re GUILLERMO NELSON LEYES,** <br><br> Debtor. | Case No.  1:15-bk-10497-MB <br><br> Chapter 7 |
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **GUILLERMO NELSON LEYES,** <br><br> Defendant. | Adv. No. _____ <br><br> **COMPLAINT FOR NONDISCHARGEABILITY OF DEBT OWED TO FEDERAL TRADE COMMISSION** <br><br> Hon. Martin R. Barash |

The Federal Trade Commission ("FTC" or "Commission") brings this adversary proceeding pursuant to 11 U.S.C. § 523(a)(2)(A) and (c), seeking an order determining that a judgment obtained by the Commission against Defendant Guillermo Nelson Leyes (the "Debtor" or "Leyes") is excepted from discharge.

NONDISCHARGEABILITY COMPLAINT                                                                 1

Attachment A
13

**JURISDICTION AND VENUE**

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523.  This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2.      Venue in the Central District of California is proper under 28 U.S.C. § 1409(a).

3.      This Adversary Proceeding relates to *In re Guillermo Nelson Leyes*, No. 1:15-bk-10497-MB (Bankr. C.D. Cal.) now pending in this Court (the "Bankruptcy Case").  The FTC is a creditor with a general unsecured claim against the Debtor pursuant to a Stipulated Order for Permanent Injunction and Monetary Judgment As to Guillermo Leyes (the "Stipulated Judgment") entered in the United States District Court for the Central District of California in the case styled *Federal Trade Commission v. First Time Credit Solution, Corp., et al.*, Case No. CV15-01921-DDP (PJWx) (the "Enforcement Action").  A copy of the Stipulated Judgment is attached hereto and incorporated as **Exhibit 1**.

4.      The Stipulated Judgment includes equitable monetary relief in favor of the FTC and against the Debtor and certain of his co-defendants, jointly and severally, in the amount of $2,400,000.00.  Ex. 1, Section III.  As part of the Stipulated Judgment, Debtor further agreed that the Stipulated Judgment was not dischargeable in his pending Bankruptcy Case.[1]  *See* Ex. 1,

---

[1] Section IV of the Stipulated Judgment provides:

C.      Defendant Leyes agrees that the judgment ordered by Section III is not dischargeable in bankruptcy.  Defendant Leyes agrees to the filing by the Commission in the Leyes Bankruptcy Case of:

1.      A Complaint for Nondischargeability of Debt Owed to Federal Trade Commission (in the form of Attachment A);

2.      The Stipulated Judgment for Nondischargeability of Debt Owed to Federal Trade Commission (in the form of Attachment B), which defendant Leyes has executed concurrently with this Order, determining that the equitable monetary relief ordered by Section III is excepted from discharge pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A);

3.      To the allowance of a general unsecured claim in the Leyes Bankruptcy Case under Section 502 of the Bankruptcy Code, 11 U.S.C. § 502, in favor of the Commission in the amount of $2,400,000.000, less the sum of any payments previously made, and that the Commission is entitled to

---

Attachment A

Section IV.

**THE PARTIES**

5.      Plaintiff FTC is an independent agency of the United States Government created by statute.  15 U.S.C. §§ 41-58.  The Commission is charged with, *inter alia*, enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.  The Commission also enforces Section 404(a) of CROA, 15 U.S.C. § 1679b(a), which prohibits the use of untrue or misleading statements to induce the purchase of credit repair services, and Section 404(b) of CROA, 15 U.S.C. § 1679b(b), which prohibits credit service organizations from charging or receiving money or other valuable consideration for the performance of credit repair services before such services are fully performed.

6.      The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and CROA, and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.  15 U.S.C. §§ 53(b), 56(a)(2)(A), 56(a)(2)(B), 57b and 1679h(b).

7.      Leyes is the debtor in the Bankruptcy Case now pending before this Court.

**COURSE OF PROCEEDINGS AND DEFENDANT'S CONDUCT**

**GIVING RISE TO THE NONDISCHARGEABLE DEBT**

8.      Enforcement Action Defendant First Time Credit Solution, Corp. ("FTC Credit") does business as FTC Credit Solutions, 1st Consumer Credit USA, and Doctor De Credito, and its principal place of business is at 4255 E. Florence Avenue, Bell, California.  On its websites, including ftccreditsolutions.org, FTC Credit refers to the Florence Avenue office as the "main office," and also claims to have offices in San Francisco, New York, Dallas, Miami, and Chicago.

9.      Leyes is the Marketing Director of FTC Credit.  He is or was, during the period

participate in any distributions made to creditors in the Leyes Bankruptcy Case, on account of the Commission's filed, general unsecured claim.

NONDISCHARGEABILITY COMPLAINT                                                                                3

1  relevant to this Complaint, a signatory for the company's bank account.  Defendant Leyes has

2  personally promoted the services of FTC Credit on the radio and on videos posted on the

3  Internet, and his image is displayed prominently on company websites and in printed

4  advertisements.  At all times material to this Complaint, acting alone or in concert with others,

5  Defendant Leyes has formulated, directed, controlled, had the authority to control, or participated

6  in the acts and practices of FTC Credit, including the acts and practices set forth in this

7  Complaint.

8          10.    The remaining defendants in the Enforcement Action are:  Jimena Perez (Chief

9  Executive Officer and Secretary of FTC Credit as well as a Director of the company); Maria

10  Bernal (General Manager and VP Sales Accountant for FTC Credit); and Fermin Campos (Chief

11  Financial Officer of FTC Credit).  Leyes, FTC Credit and the remaining co-defendants are

12  referred to herein as the "Enforcement Action Defendants."

13      **A.  The Debtor's and His Co-Defendants' Deceptive Business Practices**

14          11.    Since at least January 2013, the Enforcement Action Defendants have deceptively

15  marketed, advertised, promoted, offered to sell, and sold credit repair services to consumers,

16  preying primarily on Spanish-speaking consumers with burdensome debts and troubled credit

17  histories.

18          12.    Defendants market their services through Internet websites – including

19  ftccreditsolutions.org, ftccreditsolutions.com, drdecredito.com, and doctordecredito.org, printed

20  advertisements, social media, and on the radio.

21          13.    In their advertising and in verbal communications with consumers, the

22  Enforcement Action Defendants represent that they are affiliated or licensed with the

23  Commission, while using the Commission's name and a seal that is substantially similar to the

24  Commission's official seal.

25          14.    The Enforcement Action Defendants, however, are neither affiliated with nor

26  licensed by the Commission.

27          15.    The Enforcement Action Defendants offer credit repair services to consumers,

28  representing that their purported affiliation with the Commission, among other false credentials,

---

NONDISCHARGEABILITY COMPLAINT                                                    4

1   allows them to lawfully remove negative information – such as late payments, defaults,

2   foreclosures and bankruptcies – from consumers' credit reports, even when such information is

3   accurate and non-obsolete.

4        16.    A credit repair service, however, cannot lawfully remove accurate and non-

5   obsolete negative information from a consumer's credit report.

6        17.    In addition to promising the lawful removal of negative information from credit

7   reports, the Enforcement Action Defendants also "guarantee" consumers a credit score of 700 or

8   more within six months or less, regardless of the consumer's current credit score or credit

9   history.

10        18.    For example, on February 12, 2015, Leyes made the following representations

11   while advertising the company's services on the radio station KBLA 1580 am (translated from

12   Spanish):

13          Fourteen years working in banking tells you that I can help you.  I was the first to

14          come here on the radio, bringing you what is called credit restructuring.  And

15          what many ask, how are we going to remove a bankruptcy?  This is impossible.

16          How are you going to remove it?  They have had to hold their tongues and say,

17          well, we don't know how he does it.  And I am not going to tell them either.

18          Because to do it I have not rested my brain, to do it I studied and to do it I have a

19          license direct[ly] from the FTC, the Federal Trade Commission.

20          …

21          We will directly ask you, when you sit with Maria Bernal, or Maricarmen

22          Caballero, or Jimena [Lopez] my daughter, to- directly ask the FTC to

23          immediately send us your complete credit history, from the moment you had

24          Social Security, Okay?  Like that we use the good and the bad. In this way we

25          will completely restructure your credit and in … no more, sorry, than 90,

26          maximum 120 days, you will come out with a score of 700, guaranteed in writing.

27        19.    Likewise, on February 23, 2015, Enforcement Action Defendant Bernal made the

28   following representations during an undercover call with a Commission investigator posing as a

---

consumer seeking to improve her credit (translated from Spanish):

> DEFENDANT BERNAL:  For those people who have gone bankrupt, like you, the bankruptcy has to be deleted and each of the accounts has to be put into a positive state, so that they don't keep on affecting you badly and so that you can reestablish your credit ...

> INVESTIGATOR:  Okay.  And how, and how -- how do I get -- I mean, how, how are they deleted?  Sorry, that -- How do you delet--?

> DEFENDANT BERNAL:  We work under -- No, no, no, no, no.  Don't worry, this is one of the questions that I need … to explain it to you.

> INVESTIGATOR:  That's right.

> DEFENDANT BERNAL:  Okay, look.  We work under the Federal Trade Commission, which is a law that was signed by the President in 2010, so that all the negative, all the stains can be deleted.  Last year around August, he signed a law to delete student loans … and the hospital accounts, people always have them.  We apply and use all of this.  You won't have to do absolutely anything … Look, let me explain something to you.  We have -- we have more than 7000 customers.  You can check us out on our website.  You can see all of this, all the peo[ple], there you can see the people to whom we have deleted, that we have deleted the bankruptcies for too…

> INVESTIGATOR:  Okay, and how long more or less, more or less does this take to -- I mean, to, to, so that I can start to get?

> BERNAL:  It's a maximum of six months.  That's the maximum, but there are people that have it completed in 60 to 90 days.

20.    The Enforcement Action Defendants typically perform their credit repair services by drafting letters to creditors and the major consumer reporting agencies, Equifax, Experian and TransUnion ("dispute letters").

21.    The dispute letters challenge the accuracy of negative information appearing on the credit reports of the Enforcement Action Defendants' customers.

22.     The dispute letters often do not mention the Enforcement Action Defendants or indicate that the Enforcement Action Defendants drafted them.  Instead, the Enforcement Action Defendants draft the letters in English to appear as if they were drafted by their customers.

23.     The dispute letters often contain untruthful information, including fabricated disputes of negative information on the credit reports of the Enforcement Action Defendants' customers that is accurate or non-obsolete.

24.     The Enforcement Action Defendants unlawfully charge and collect hundreds of dollars from their customers in advance of full performance of the credit repair services they promise to their customers.

25.     In numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of credit repair services, the Enforcement Action Defendants have represented, expressly or by implication, that they are affiliated or licensed with the Commission.

26.     In truth and in fact, the Enforcement Action Defendants have never been affiliated or licensed with the Commission.

27.     In numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of credit repair services, the Enforcement Action Defendants have represented, expressly or by implication, that they can lawfully remove negative information, including accurate and non-obsolete information, from consumers' credit reports.

28.     In truth and in fact, in many of these instances, the Enforcement Action Defendants cannot lawfully remove negative information, including accurate and non-obsolete information, from consumers' credit reports.

29.     In numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of credit repair services, the Enforcement Action Defendants have represented, expressly or by implication, that they can guarantee consumers a credit score of 700 or higher within six months or less.

30.     In truth and in fact, in many of these instances, the Enforcement Action Defendants cannot guarantee consumers a credit score of 700 or higher within six months or less.

31.     Enforcement Action Defendants' representations or deceptive omissions of

---

NONDISCHARGEABILITY COMPLAINT                                                              7

material fact, as set forth in paragraphs 8 through 30, constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**B.  The Enforcement Action Defendants' Conduct Violated CROA**

32.     Section 402(b) of CROA, 15 U.S.C. § 1679(b), explains that the purposes of the CROA are:

> (1) to ensure that prospective buyers of the services of credit repair organizations are provided with the information necessary to make an informed decision regarding the purchase of such services; and (2) to protect the public from unfair or deceptive advertising and business practices by credit repair organizations.

33.     Section 404(a)(3) of CROA, 15 U.S.C. § 1679b(a)(3), provides that "[n]o person may … make or use any untrue or misleading representation of the services of the credit repair organization."

34.     Section of 404(b) of CROA, 15 U.S.C. § 1679b(b), prohibits credit repair organizations from charging or receiving any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform before such service is fully performed.

35.     The Enforcement Action Defendants fall under the definition of "credit repair organization," as the term is defined in Section 403(3) of CROA, 15 U.S.C. § 1679a(3):

> [A]ny person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of . . . improving any consumer's credit record, credit history, or credit rating.

36.     Pursuant to Section 410(b)(1) of CROA, 15 U.S.C. § 1679h(b)(1), any violation of any requirement or prohibition of CROA constitutes an unfair or deceptive act or practice in commerce in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

37.     Pursuant to Section 410(b)(2) of CROA, 15 U.S.C. § 1679h(b)(2), all functions and powers of the Commission under the FTC Act are available to the Commission to enforce

1  compliance with CROA in the same manner as if the violation had been a violation of any

2  Commission trade regulation rule.

3      38.      Enforcement Action Defendants' representations and conduct, as set forth in

4  paragraphs 8 through 30, constitute violations of CROA, which means they are also deceptive

5  acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

6                          COUNT I

7            (NONDISCHARGEABILITY OF STIPULATED JUDGMENT)

8      39.      The Commission repeats and realleges the allegations in ¶¶ 1 through 38.

9      40.      In numerous instances, in connection with the advertising, marketing, promotion,

10  offering for sale, or sale of credit repair services, Debtor and the Enforcement Action Defendants

11  have represented, expressly or by implication:

12          a.  that they are affiliated or licensed with the Commission;

13          b.  that they can lawfully remove negative information, including accurate and

14              non-obsolete information, from consumers' credit reports; or

15          c.  that they can guarantee consumers a credit score of 700 or higher within six

16              months or less.

17      41.      In truth and in fact, in many of these instances, the Enforcement Action

18  Defendants:

19          a.  have never been affiliated or licensed with the Commission;

20          b.  cannot lawfully remove negative information, including accurate and non-

21              obsolete information, from consumers' credit reports; or

22          c.  cannot guarantee consumers a credit score of 700 or higher within six months

23              or less.

24      42.      Debtor's representations and failures to disclose or disclose adequately, as

25  outlined in Paragraphs 8-30 and 40-41, are false and misleading and constitute deceptive acts or

26  practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

27      43.      In numerous instances, in connection with the advertising, marketing, promotion,

28  offering for sale, or sale of services to consumers by a credit repair organization, as that term is

---

NONDISCHARGEABILITY COMPLAINT                                            9

defined in Section 403(3) of CROA, 15 U.S.C. § 1679a(3), Debtor and the Enforcement Action

Defendants have made untrue or misleading representations to consumers, including that the

Enforcement Action Defendants:

      a.  are affiliated or licensed with the Commission;

      b.  can lawfully remove negative information, including accurate and non-
obsolete information, from consumers' credit reports; and

      c.  can guarantee consumers a credit score of 700 or above within six months or
less.

44.    In numerous instances, in connection with the advertising, marketing, promotion,

offering for sale, or sale of services to consumers by a credit repair organization, as that term is

defined in Section 403(3) of CROA, 15 U.S.C. § 1679a(3), the Enforcement Action Defendants

have charged or received money or other valuable consideration for the performance of credit

repair services that the Enforcement Action Defendants have agreed to perform before such

services were fully performed.

45.    Debtor's and the Enforcement Action Defendants' acts or practices described in

Paragraphs 43 and 44 of this Complaint violate Sections 404(a)(3) and 404(b) of CROA, 15

U.S.C. §§ 1679b(a)(3) and 1679b(b).

46.    Pursuant to Section 410(b)(1) of CROA, 15 U.S.C. § 1679h(b)(1), any violation

of any requirement or prohibition of CROA constitutes an unfair or deceptive act or practice in

commerce in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

47.    Debtor's activities described above were conducted with knowledge that he was

engaged in a fraudulent scheme and with knowledge of the falsity of the representations in the

course of that scheme, or with reckless disregard of the truth or falsity of the representations.

48.    Debtor injured consumers by knowingly engaging in a fraudulent scheme and

knowingly making false representations to consumers or omitting material information from

consumers.  These false representations and false pretenses were material to consumers in the

course of deciding to purchase the services offered by the Debtor and his co-defendants.

Consumers' reliance on the Debtor's representations was justifiable.

NONDISCHARGEABILITY COMPLAINT                       10

49.     The total amount of money the Debtor and certain of his Enforcement Action co-defendants obtained from consumers by such false pretenses, false representations or actual fraud is at least $2,400,000.00, the monetary portion of the Stipulated Judgment against the Debtor in the FTC's Enforcement Action.

50.     Consequently, the Debtor's judgment debt to the FTC is one for money, property, or services obtained by false pretenses, false representations or actual fraud, and is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

**WHEREFORE**, Plaintiff FTC requests that the Court:

(a)     Determine that the monetary portion of Stipulated Judgment against Debtor in the Enforcement Action in the amount of $2,400,000.00 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

(b)     Enter judgment against the Debtor in the amount of $2,400,000.00, plus applicable interest in accordance with 28 U.S.C. § 1961, in accordance with Section IV of the Stipulated Judgment; and

(c)     Grant the FTC such other and further relief as this case may require and the Court deems just and proper.

Dated:     _____, 2015          Respectfully submitted,

_____
Kimberly L. Nelson (VA Bar No. 47224)
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW, CC-9528
Washington, DC  20580
(202) 326-3304 (Nelson)
(202) 326-3197 (fax)
knelson@ftc.gov

Stacy R. Procter, CA Bar No. 221078
FEDERAL TRADE COMMISSION
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
(310) 824-4343 (tel.)
(310) 824-4380 (fax)
sprocter@ftc.gov

*ATTORNEYS FOR PLAINTIFF*
*FEDERAL TRADE COMMISSION*

KIMBERLY L. NELSON (VA Bar No. 47224)
(admitted *pro hac vice*)
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-9528
Washington, DC  20580
(202) 326-3304 (Nelson)
(202) 326-3197 (fax)
knelson@ftc.gov

STACY R. PROCTER, CA Bar No. 221078
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
(310) 824-4343 (tel.)
(310) 824-4380 (fax)
sprocter@ftc.gov

ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| **In re GUILLERMO NELSON LEYES,**<br><br>Debtor. | Case No.  1:15-bk-10497-AA<br><br>Chapter 7 |
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**GUILLERMO NELSON LEYES,**<br><br>Defendant. | Adv. No.  _____<br><br>**STIPULATED JUDGMENT FOR NONDISCHARGEABILITY OF DEBT OWED TO FEDERAL TRADE COMMISSION**<br><br>Hon. Martin R. Barash |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission") filed a Complaint to Determine Nondischargeability of Debt under Section 523 of the Bankruptcy Code, 11 U.S.C. § 523 (the "Complaint") against Debtor Guillermo Nelson Leyes ("Debtor" or "Leyes").  Debtor waives service of the Summons and Complaint, and agrees to entry of a Stipulated Judgment for Nondischargeability, as set forth herein.

STIPULATED JUDGMENT OF NONDISCHARGEABILITY                                                    1

**Findings**

1.        This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523.

2.        Venue in the Central District of California is proper under 28 U.S.C. § 1409(a).

3.        This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4.        This Adversary Proceeding relates to *In re Guillermo Nelson Leyes*, Case No. 15-10497 (Bankr. C.D. Cal.) now pending in this Court ("Bankruptcy Case").  The FTC is a creditor with a general unsecured claim against the Debtor pursuant to a Stipulated Order for Permanent Injunction and Monetary Judgment As to Guillermo Leyes (the "Stipulated Judgment") entered in the United States District Court for the Central District of California in the case styled *Federal Trade Commission v. First Time Credit Solution, Corp., et al.*, Case No. CV15-01921-DDP (PJWx) (the "Enforcement Action").[1]

5.        The Stipulated Judgment includes equitable monetary relief in favor of the FTC and against the Debtor and certain of his co-defendants, jointly and severally, in the amount of $2,400,000.00.  Stipulated Judgment, Section III.

6.        In Section IV of the Stipulated Judgment, the Debtor agreed that the Stipulated Judgment is nondischargeable in his pending bankruptcy case pursuant to 11 U.S.C. § 523(a)(2)(A), and agreed to execute this Stipulated Judgment for Nondischargeability of Debt.

**Order**

7.        Judgment is hereby entered in favor of the Commission and against the Debtor/Defendant, Guillermo Nelson Leyes, determining that the Stipulated Judgment entered in the Enforcement Action, in the amount of $2,400,000.00 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

8.        All other provisions of the Stipulated Judgment in the Enforcement Action, including the injunctive provisions, remain in full force and effect.

---

[1] Those defendants to the Enforcement Action that were not named in the Stipulated Judgment between the FTC and the Debtor are subject to separate orders.

1    9.    Undersigned counsel of record in this action represent that they are fully

2    authorized to execute and enter into this Stipulated Judgment for Nondischargeability on behalf

3    of the respective parties whom they represent and acknowledge they have authority to bind the

4    parties in the Adversary Proceeding.

5    Dated: _____

6                                                    Honorable Martin R. Barash

7

8                 **STIPULATED AND AGREED TO AND SUBMITTED BY:**

9    Date: 5/7/2015-                    Date: _____, 2015

10

11   Guillermo Nelson Leyes                 /s/ Kimberly L. Nelson
                                            Kimberly L. Nelson  (VA Bar No. 47224)
12                                          Federal Trade Commission
                                            600 Pennsylvania Ave., NW
13                                          Mailstop CC-9528
                                            Washington, D.C.  20580
14                                          Telephone: (202) 326-3304
                                            Facsimile: (202) 326-3197
15                                          E-Mail: knelson@ftc.gov

16                                          STACY R. PROCTER, CA Bar No. 221078
                                            Federal Trade Commission
17                                          10877 Wilshire Boulevard, Suite 700
                                            Los Angeles, CA 90024
18                                          (310) 824-4343 (tel.)
                                            (310) 824-4380 (fax)
19                                          sprocter@ftc.gov

20                                          *Attorneys for Plaintiff, Federal Trade*
21                                          *Commission*

22

23

24

25

26

27

28

STIPULATED JUDGMENT OF NONDISCHARGEABILITY                                    3